1
2
3
4
5
6
7

**NOTE: CHANGES MADE
BY THE COURT**

8
9
10
11

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JOSUE SANCHEZ, | No. 2:23-cv-03239-JFW (BFMx) |
| Plaintiff, | **ORDER RE: STIPULATED PROTECTIVE ORDER** |
| v. | |
| CONTEMPORARY INFORMATION CORPORATION, et al., | |
| Defendants. | |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Having considered the papers and finding that good cause exists, the Parties' Stipulated Protective Order is **granted with the changes made by the Court as reflected in the Stipulated Protective Order attached hereto and issued contemporaneously with this Order**.

IT IS SO ORDERED.

DATED: August 21, 2023

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| JOSUE SANCHEZ, | Case No.: 2:23-cv-03239-JFW-BFMx |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| CONTEMPORARY INFORMATION CORPORATION, ONE SOURCE TECHNOLOGY, LLC d/b/a ASURINT, and FIRST ADVANTAGE BACKGROUND SERVICES CORP., | |
| Defendants. | |

1. **GENERAL**

    1.1   Purposes and Limitations.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and

1  use extends only to the limited information or items that are entitled to confidential

2  treatment under the applicable legal principles. The parties further acknowledge, as

3  set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle

4  them to file confidential information under seal; Civil Local Rule 79-5 sets forth the

5  procedures that must be followed and the standards that will be applied when a party

6  seeks permission from the court to file material under seal.

7        1.2    <u>Good Cause Statement</u>.

8        This action is likely to involve trade secrets, customer and pricing lists and

9  other valuable research, development, commercial, financial, technical and/or

10 proprietary information for which special protection from public disclosure and from

11 use for any purpose other than prosecution of this action is warranted. Such

12 confidential and proprietary materials and information consist of, among other things,

13 confidential business or financial information, information regarding confidential

14 business practices, or other confidential research, development, or commercial

15 information (including information implicating privacy rights of third parties),

16 information otherwise generally unavailable to the public, or which may be privileged

17 or otherwise protected from disclosure under state or federal statutes, court rules, case

18 decisions, or common law. Accordingly, to expedite the flow of information, to

19 facilitate the prompt resolution of disputes over confidentiality of discovery materials,

20 to adequately protect information the parties are entitled to keep confidential, to

21 ensure that the parties are permitted reasonable necessary uses of such material in

22 preparation for and in the conduct of trial, to address their handling at the end of the

23 litigation, and serve the ends of justice, a protective order for such information is

24 justified in this matter. It is the intent of the parties that information will not be

25 designated as confidential for tactical reasons and that nothing be so designated

26 without a good faith belief that it has been maintained in a confidential, non-public

27 manner, and there is good cause why it should not be part of the public record of this

28 case.

**2.  DEFINITIONS**

2.1      Action: this pending federal lawsuit, including all appellate proceedings.

2.2      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement, and contain confidential information of a nature that would place a defendant Designating Party at a competitive disadvantage if disclosed to another defendant party, including but not limited to trade secret or other confidential research, development, financial, or other commercial information."

2.4      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.5      Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6      Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7      Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8      Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.  SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of

4

Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

### 4. DURATION

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

### 5. DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

1   purpose (e.g., to unnecessarily encumber the case development process or to impose
2   unnecessary expenses and burdens on other parties) may expose the Designating Party
3   to sanctions.

4        If it comes to a Designating Party's attention that information or items that it
5   designated for protection do not qualify for protection, that Designating Party must
6   promptly notify all other Parties that it is withdrawing the inapplicable designation.

7        5.2  <u>Manner and Timing of Designations</u>. Except as otherwise provided in
8   this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise
9   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
10   under this Order must be clearly so designated before the material is disclosed or
11   produced.

12        Designation in conformity with this Order requires:

13          (a)  for information in documentary form (e.g., paper or electronic
14   documents, but excluding transcripts of depositions or other pretrial or trial
15   proceedings), that the Producing Party affix, at a minimum, the legend
16   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."
17   (hereinafter "CONFIDENTIAL legend"), to each page that contains protected
18   material. If only a portion or portions of the material on a page qualifies for protection,
19   the Producing Party also must clearly identify the protected portion(s) (e.g., by
20   making appropriate markings in the margins).

21        A Party or Non-Party that makes original documents available for inspection
22   need not designate them for protection until after the inspecting Party has indicated
23   which documents it would like copied and produced. During the inspection and before
24   the designation, all of the material made available for inspection shall be deemed
25   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." After
26   the inspecting Party has identified the documents it wants copied and produced, the
27   Producing Party must determine which documents, or portions thereof, qualify for
28   protection under this Order. Then, before producing the specified documents, the

1   Producing Party must affix the "CONFIDENTIAL legend" to each page that contains

2   Protected Material. If only a portion or portions of the material on a page qualifies for

3   protection, the Producing Party also must clearly identify the protected portion(s)

4   (e.g., by making appropriate markings in the margins).

5         (b)   Deposition testimony may be designated as Protected Material by any

6   party by indicating on the record at the deposition that the testimony is confidential

7   and subject to the provisions of this Protective Order, or alternatively, within fourteen

8   (14) days after receiving the deposition transcript, by notifying in writing the parties

9   and those who were present at the deposition of the designations by circulating a copy

10   of the transcript wherein the designating party identifies line by line the portions of

11   the testimony that it contends should be designated confidential, unless otherwise

12   agreed. The entire deposition transcript (including any exhibits not previously

13   produced in discovery in the Action) shall be treated as Protected Material under this

14   Protective Order until the expiration of the above-referenced 14-day period for

15   designation, except that, if the deponent is a non-party, the deponent (and his or her

16   counsel, if any) may review the transcript of his or her own deposition during the 14-

17   day period subject to this Protective Order upon executing the required

18   Acknowledgement and Agreement to Comply with Protective Order in the form

19   attached hereto as Exhibit A. After a party designates portions of a deposition

20   transcript as Protected Material, the front of the original and each copy of the

21   deposition transcript shall be marked "This deposition transcript includes

22   CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." If the

23   deposition was filmed, both the recording storage medium (i.e., CD or DVD) and its

24   container shall also be labeled: "This deposition transcript includes CONFIDENTIAL

25   INFORMATION SUBJECT TO PROTECTIVE ORDER." If an AEO designation is

26   made on the record, and participants are asked to leave the deposition, Plaintiff shall

27   be permitted to stay under all circumstances.

28

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Timing of Challenges. Any Party or Non-Party may challenge a designation of Protected Material at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. In the event that any party to this litigation disagrees with the designation of any information as Protected Material, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party shall initiate the dispute resolution process under Local Rule 37-1, et seq. Any discovery motion must strictly comply with the procedures set forth in Local Rules 37-1, 37-2, and 37-3.

6.3    Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to

afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the parties in this Action;

(b)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Comply with Protective Order" (Exhibit A);

(e)     the Court and its personnel;

(f)     court reporters and their staff;

(g)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)    any mediator, settlement officer, or other third-party neutral in connection with alternative dispute resolution proceedings, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    <u>Disclosure of Defendants' "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.</u> Information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be disclosed the persons listed above in 7.2(b), (d), (e), (f), (g), (h), (i), (j) and Plaintiff.

## 8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or CONFIDENTIAL – ATTORNEYS' EYES ONLY," that

Party will immediately notify the other parties and agree to cooperate in the protection of the materials. Under no circumstances shall the Party be expected to incur legal fees to protect the document.

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL or <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL or <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order,

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Comply with Protective Order" that is attached hereto as Exhibit A.

**11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**12. <u>DOCUMENTS OR INFORMATION OBTAINED FROM THIRD PARTIES</u>**

Documents or information produced by a non-party may be designated as Protected Material by the non-party in the manner set forth above. Further, the documents or information produced by a non-party shall be treated as Protected Material, whether or not they are designated as such, for fourteen (14) days after receipt of the documents and information to allow a party to review the material for confidentiality.

A copy of this Protective Order must be provided to any third parties served with subpoenas in this Action.

**13. <u>MISCELLANEOUS</u>**

13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.4   <u>Use of Party's Own Confidential Information</u>. Nothing in this Protective Order shall restrict the right of any party to use its own confidential information or Protected Material for any purpose whatsoever, but if any such use results in a disclosure that causes the confidential information or Protected Material to lose such designation, then it shall no longer be subject to any protection under this Protective Order.

**14. <u>FINAL DISPOSITION</u>**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected

Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

Upon final termination of this Action, whether by settlement, dismissal, or other disposition, the provisions of this Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof (including former employees of any party who received Protected Material. The Court shall retain continuing jurisdiction as permitted by law in order to enforce the terms of this Order.

1

### 15. <u>VIOLATION OF ORDER</u>

2

Any violation of this Order may be punished by any and all appropriate

3

measures including, without limitation, contempt proceedings and/or monetary

4

sanctions.

5

6

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

7

8

*/s/ Natalie L. Cascario*
ARNALL GOLDEN GREGORY LLP

9

Henry R. Chalmers

10

*Admitted Pro Hac Vice*
henry.chalmers@agg.com

11

Natalie L. Cascario

12

*Admitted Pro Hac Vice*
natalie.cascario@agg.com

13

171 17th Street NW, Suite 2100

14

Atlanta, GA 30363

15

T: (404) 873-8646
*Counsel for Defendant First Advantage*

16

*Background Services Corp.*

17

WARREN TERZIAN LLP

18

Dan Terzian (SBN 283835)

19

dan.terzian@warrenterzian.com
222 N. Pacific Coast Highway, Suite

20

2000

21

Los Angeles, CA 90245

22

T: (213) 410-2620
*Counsel for Defendant First Advantage*

23

*Background Services Corp.*

24

25

26

27

28

*/s/ Jenna Dakroub*
Jenna Dakroub, CA # 350170
CONSUMER ATTORNEYS
8245 N. 85th Way
Scottsdale, AZ 85258
T: (602) 807-1525
F: (718) 715-1750
E: jdakroub@consumerattorneys.com

Youssef Hammoud, CA #321934
E: yh@lawhammoud.com
HAMMOUD LAW, P.C.
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693
*Attorney for Plaintiff*
*Josue Sanchez*

*/s/ John J. Atallah*
John J. Atallah, CA Bar No. 294116
Foley & Lardner LLP
555 South Flower Street, Suite 3300
Los Angeles, CA 90071-2418
Telephone: 213.972.4500
Facsimile: 213.486.0065
jatallah@foley.com
*Attorneys for Defendant Contemporary*
*Information Corporation*

1

2

3

4

5

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

7

8

9

10

11

12

13

14

| | |
|---|---|
| JOSUE SANCHEZ, | Case No.: 2:23-cv-03239-JFW-BFMx |
| Plaintiff, | |
| v. | **EXHIBIT A** |
| CONTEMPORARY INFORMATION CORPORATION, et al., | |
| Defendants. | |

15

16

**ACKNOWLEDGMENT AND AGREEMENT TO COMPLY.**

17

18

19

20

21

22

23

24

      I, _____ [print or type full name], of _____ [print or type full address], declare that I have read in its entirety and understand the Protective Order that was issued in the above-captioned Litigation. I agree to comply with all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

25

26

27

28

Date:              _____

Printed Name:

_____

Signature:

17